**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01201-VAP (SPx)                              Date:  July 17, 2013

Title:   LEE MERCADO -v- REGAL ENTERTAINMENT GROUP; AND INLAND WESTERN ONTARIO 4TH STREET, LLC, A DELAWARE LIMITED LIABILITY COMPANY
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  Marva Dillard               | None Present    |
|  Courtroom Deputy            | Court Reporter  |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

   On July 8, 2013, Defendants Regal Entertainment Group and Inland Western Ontario 4th Street, LLC (collectively, "Defendants") removed this action from the California Superior Court for the County of San Bernardino.  Defendants allege the Court has subject-matter jurisdiction to hear this matter pursuant to federal question jurisdiction.  (<u>See</u> Doc. No. 1 ("Not. of Removal") at ¶¶ 3- 4.)  For the following reasons, the Court REMANDS the action sua sponte to the California Superior Court for the County of San Bernardino.

   Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth

EDCV 13-01201-VAP (SPx)
LEE MERCADO -v- REGAL ENTERTAINMENT GROUP; AND INLAND WESTERN ONTARIO 4TH STREET, L.L.C., A DELAWARE LIMITED LIABILITY COMPANY
MINUTE ORDER of July 17, 2013

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

   Plaintiff Lee Mercado's ("Plaintiff") complaint, filed in California Superior Court, alleged two claims: (1) violation of the Cal. Health & Safety Code § 19955, et seq. and (2) violation of the Unruh Civil Rights Act ("Unruh Act Claim").  (Ex. 1 to Not. of Removal ("Complaint").)

   Defendants assert that Plaintiff invokes a federal question, and consequently federal question jurisdiction, by mentioning the ADA in the discussion of the Unruh Act Claim.  (See Not. of Removal at ¶ 4.)  Plaintiff's Complaint, however, does not allege a claim under federal law.  While violation of the ADA is an element of the Unruh Act Claim, the Ninth Circuit has explicitly held that this is insufficient to confer federal question jurisdiction.  See Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002).  "Federal question jurisdiction is not created merely because a violation of federal law is an element of a state law claim."  Id.

   Accordingly, the Court finds that it lacks jurisdiction and REMANDS this matter to the California Superior Court for the County of San Bernardino.

   **IT IS SO ORDERED.**

MINUTES FORM 11                                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                         Page 2